IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAUL VILLEGAS GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 4:24-CV-571-O |
| | § | |
| DOCTOR FNU BISHOP, | § | |
| ET AL., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Defendants Georgetta Hudson and Rachel Miller to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court, having considered the motion, the response of Plaintiff, Raul Villegas Garza, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

**I.    PLAINTIFF'S CLAIMS**

Plaintiff asserts two violations of his right to medical care while he was confined at the Hood County Jail from February 16 until April 2, 2024. He alleges: Miller intentionally withheld the use of his CPAP machine. ECF No. 1 at 4.[1] On February 20, 2024, she had his CPAP unplugged by order of Dr. Bishop and would not answer when Plaintiff asked why. *Id.* at 5, 9. On February 24, 2024, Plaintiff woke up lightheaded because his CPAP had been unplugged and fell when his shower shoe caught on the lip of the drain in his cell. Plaintiff hit his face, left upper chest, left shoulder, and right knee. Another inmate pushed the call button for help. Hudson ignored

---

[1] The page references to the complaint are to "Page __ of 34" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers on the form used are not the actual page numbers of the document and because additional pages have been added to the typewritten form.

his complaints of pain and did not come into his cell to examine his injuries. *Id.* at 10. The next day, Hudson brought Plaintiff his daily medications but did not ask about his injuries or answer his questions about his injuries and pain. She answered "not yet" when he inquired whether she had told Dr. Bishop. On February 26, Hudson told him that Dr. Bishop would not give him any pain medication until he examined Plaintiff. *Id.* at 10–11. On February 27, Miller took pictures of Plaintiff's collar bone only. Plaintiff asked Hudson and Miller to ask Dr. Bishop for pain medication and they told him that Dr. Bishop would see him on March 6. *Id.* at 11.

## II.     APPLICABLE LEGAL STANDARDS

The applicable legal standards as to pleading, qualified immunity, and deliberate indifference are set forth in the Court's memorandum opinion and order as to the motion of Dr. Bishop to dismiss, ECF No. 42, and need not be repeated here.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is reviewed under the same standard as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

**III.    ANALYSIS**

The first instance of alleged deliberate indifference relates to the unplugging of Plaintiff's CPAP machine on February 20, 2024. He alleges that Miller intentionally withheld the use of the CPAP "when she had received the TDCJ medical records." ECF No. 1 at 4. Presumably, he is referring to Exhibit A to the complaint, the top portion of an offender medical pass dated March 17, 2020, stating that Plaintiff "[m]ay use the machine as needed for shortness of breath." *Id.* at 15. As was the case with Dr. Bishop, Plaintiff does not allege any facts to support any harm to him as a result of the CPAP being unplugged, much less that Miller was the one who unplugged the machine. He offers only the conclusory allegation that Miller unplugged the machine "by the order of Dr. Bishop." ECF No. 1 at 5. As discussed with regard to Dr. Bishop's motion to dismiss, Plaintiff has not alleged facts to show that Miller was deliberately indifferent to any serious medical need of Plaintiff. ECF No. 42 at 7 (citing cases holding that delay or interruption in use of a CPAP machine does not constitute deliberate indifference).

The second instance of alleged deliberate indifference arises out of Plaintiff's fall on February 24, 2024. On that day, he alleges the CPAP was unplugged from outside his cell, but he does not allege any facts to show that either Miller or Hudson had any involvement. ECF No. 1 at 9–10. He alleges that after he fell, Hudson came to his cell and asked what happened. She ignored Plaintiff's injuries, complaints of pain, and blood on his knee. She did not come into his cell to examine him. *Id.* at 10. Rather, two officers came into the cell to help Plaintiff while Hudson waited at the door. *Id.* The next day, Hudson brought his daily medication, but never asked about his injuries or answered any of his questions about injuries and pain. She told Plaintiff she had not yet reported his injuries to Dr. Bishop. Plaintiff told Hudson he was in a lot of pain. *Id.* at 10–11.

3

The day after that, Hudson told Plaintiff that Dr. Bishop would not give him any pain medication until he had examined Plaintiff, which would be in two weeks. *Id.* at 11. As was the case with Dr. Bishop, Plaintiff has not alleged any facts to establish that either Hudson or Miller knew of and disregarded an excessive risk to Plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's allegations that they failed to follow jail policy, without more, do not give rise to constitutional violations. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Quaak v. Yeager*, No. H-11-2100, 2012 WL 950183, at *7 (S.D. Tex. Mar. 19, 2012).

Finally, Hudson and Miller assert that they are entitled to qualified immunity. Plaintiff has not met his heavy burden of demonstrating that either of them violated his constitutional rights and that such actions were objectively unreasonable in light of clearly established law at the time. *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016). He has not alleged sufficient facts to show that either of them was subjectively aware of an excessive risk to Plaintiff's health and disregarded that risk. Nor has he pointed to any controlling precedent to show that their actions elevated either of them to the level of "the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

### IV.   CONCLUSION

For the reasons discussed, the motion to dismiss is **GRANTED** and Plaintiff's claims against Hudson and Miller are **DISMISSED** with prejudice.

**SO ORDERED** this **29th day** of **January, 2025**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE